UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT CHATTANOOGA

| | |
|---|---|
| DEBBIE SUE WILLS ) | |
| ) | |
| Plaintiff, ) | |
| ) | No. 1:10-CV-201 |
| v. ) | |
| ) | *Collier / Lee* |
| MICHAEL J. ASTRUE, ) | |
| Commissioner of Social Security, ) | |
| ) | |
| Defendant. ) | |

**REPORT AND RECOMMENDATION**

Plaintiff Debbie Sue Wills ("Plaintiff") was denied disability insurance benefits ("DIB") by the Commissioner of Social Security ("Commissioner" or "Defendant"), and she now appeals that denial pursuant to 42 U.S.C. § 405(g). Plaintiff argues the Administrative Law Judge ("ALJ") who heard her claim erred in finding she could perform sedentary work requiring the frequent use of her hands. Plaintiff has moved for summary judgment, seeking remand to the Commissioner [Doc. 10]. Defendant, in response, has moved for summary judgment [Doc. 16]. For the reasons explained below, I **RECOMMEND**: (1) Plaintiff's motion for judgment on the pleadings [Doc. 10] be **GRANTED**; (2) Defendant's motion for summary judgment [Doc. 16] be **DENIED**; (3) the decision of Commissioner be **REVERSED**; and (4) this action be **REMANDED** for further proceedings.

**I.    BACKGROUND**

Neither Plaintiff nor Defendant contends that the ALJ erred in summarizing the record regarding her treatment and diagnoses. Plaintiff has been diagnosed with degenerative disc disease of the back and degenerative arthritis of the neck, right shoulder, hands, knees, and feet, and the ALJ found these to be "severe" impairments, meaning that they "significantly" limit her ability to work

(Tr. 13). *See* 20 C.F.R. § 404.1520(c). Plaintiff testified that her back pain limits her ability to sit, stand, and bend (Tr. 25-26). The arthritis in her feet and knees, she stated, causes swelling and limits her ability to stand or walk (Tr. 28-29). Elevating her legs periodically throughout the day, however, provides relief (Tr. 29-30). Plaintiff testified further that she has difficulty using her hands due to arthritis (Tr. 26-28). Specifically, she has trouble grasping and holding small items like buttons or zippers, and she cannot wear her rings because of swelling (Tr. 27-28). The arthritis in her hand, Plaintiff lamented, are becoming progressively worse (Tr. 28).

The ALJ found, in Plaintiff's favor, that her alleged symptoms could reasonably be explained by her medically determinable impairments (Tr. 14). Plaintiff was treated for a recurrent low back strain in 1994, at which time an x-ray showed decreased disc space at the L5-S1 level (Tr. 210), and she began treatment for arthritis pain in 1998 (Tr. 197-201). Treatment continued through 2002 with Brad Delay, M.D. (Tr. 164-212), and from 2004 to 2005 with Indra K. Shah, M.D. (Tr. 213-20).[1] In August 2007, Plaintiff was treated in the emergency room for back pain caused by lifting (Tr. 238). An MRI showed small herniations at the T10-11, L4-5, and L5-S1 levels, worst at L4-5 (Tr. 222). Plaintiff stopped working at that time (Tr. 25). She continued her treatment at a community health center in 2007 and 2008 (Tr. 302-07). Plaintiff has been treated primarily with anti-inflammatories and analgesics; she testified she has not received surgery because she cannot afford it (Tr. 25). In 2007, Plaintiff reported she did not have a primary care physician, but used the emergency room when necessary for medical services (Tr. 262).

Notwithstanding his finding that Plaintiff's complaints *could* be caused by her objectively

---

[1] Plaintiff had been seen by Dr. Shah as early as 1999, but no treatment notes from those earlier visits appear in the record (Tr. 220).

2

determinable impairments, the ALJ found that Plaintiff's complaints were not credible to the extent they differed from his residual functional capacity ("RFC") assessment (Tr. 15). Specifically, the ALJ found that Plaintiff retained the ability to perform sedentary work, so long as the work allowed her to change positions at will (Tr. 14). With that RFC, a vocational expert ("VE") testified that Plaintiff could perform assembly jobs, production inspecting jobs, and some hand packer and sorter jobs (Tr. 33). Based on that testimony, the ALJ found Plaintiff could perform other work, and accordingly concluded she was not disabled (Tr. 17).

The VE also testified, however, that if Plaintiff were unable to use her hands for grasping and holding, she would not be able to perform sedentary work (Tr. 34-35). At issue in this appeal, therefore, is whether the ALJ's RFC assessment should have included a limitation regarding Plaintiff's use of her hands. The ALJ based his RFC assessment on the opinions of two consultative examiners (Tr. 15). One of the examiners, Michael Witt, M.D., opined that it would be "very difficult [for Plaintiff] to do any kind of physical labor due to her back pain and her polyarthritis," which affected her hands "especially." (Tr. 311). The ALJ did not disagree with the opinion, but rather found that it was "not inconsistent" with his RFC finding (Tr. 15). The question for the Court, therefore, is whether the ALJ erred in finding, notwithstanding Dr. Witt's opinion, that Plaintiff's ability to perform sedentary work was not further eroded by her hand impairment.

**II.   ANALYSIS**

The Commissioner's factual findings[2] must be upheld unless they are unsupported by substantial evidence. 42 U.S.C. § 405(g). Substantial evidence is "such relevant evidence as a

---

[2] The ALJ's decision became the final decision of the Commissioner when the Appeals Council denied Plaintiff's request for review (Tr. 1).

reasonable mind might accept as adequate to support a conclusion." *Garner v. Heckler*, 745 F.2d 383, 388 (6th Cir. 1984) (quoting *Richardson v. Perales*, 402 U.S. 389, 401 (1971)). Furthermore, the evidence must be "substantial" in light of the record as a whole, "tak[ing] into account whatever in the record fairly detracts from its weight." *Id.* (internal quotes omitted). If there is substantial evidence to support the Commissioner's findings, they should be affirmed, even if the court might have decided facts differently, or if substantial evidence would also have supported other findings. *Smith v. Chater*, 99 F.3d 780, 782 (6th Cir. 1996); *Ross v. Richardson*, 440 F.2d 690, 691 (6th Cir. 1971). The court may not re-weigh evidence, resolve conflicts in evidence, or decide questions of credibility. *Garner*, 745 F.2d at 387. The substantial evidence standard allows considerable latitude to administrative decisionmakers because it presupposes there is a zone of choice within which the decisionmakers can go either way, without interference by the courts. *Felisky v. Bowen*, 35 F.3d 1027, 1035 (6th Cir. 1994).

One of the findings entrusted to the ALJ is the RFC assessment, which is defined as the maximum level of work the claimant can perform on a "regular and continuing basis"—i.e., for 8 hours per day, five days per week. Social Security Ruling ("SSR") 96-8p. "[T]he ALJ—not a physician—ultimately determines a claimant's RFC." *Coldiron v. Comm'r of Soc. Sec.*, 391 F. App'x 435, 439 (6th Cir. 2010) (citing 42 U.S.C. § 423(d)(5)(B) and 20 C.F.R. § 404.1546(c)). While the decision is left to the ALJ, however, it must be based on the medical evidence, including opinion evidence. *Id.*; 20 C.F.R. § 404.1513(b)(6). Accordingly, the ultimate determination whether a claimant is disabled is "reserved to the Commissioner," and a physician's opinion that a claimant cannot work is, itself, not entitled to any particular weight. *Turner v. Comm'r of Soc. Sec.*, 381 F. App'x 488, 493 (6th Cir. 2010). Still, even where the ALJ is entitled to disregard a physician's

4

*conclusion* that the claimant cannot work, he may not disregard the ALJ's *bases* for that opinion. SSR 96-5p. *Also Compare Kalmbach v. Comm'r of Soc. Sec.*, 2011 WL 63602, *8 (6th Cir. Jan. 7, 2011) (holding the ALJ had improperly disregarded physician's opinion that the claimant was disabled when it also offered specific reasons for the conclusion) *with Moses v. Comm'r of Soc. Sec.*, 402 F. App'x 43 (6th Cir. 2010) (holding ALJ's rejection of physician's opinion that claimant was totally disabled was proper where physician offered no explanation of the conclusion).

Here, as noted above, the ALJ incorporated the opinions of two consultative examiners into his RFC finding. Emelito Pinga, M.D., examined Plaintiff in November 2007, and found that she had "good manual dexterity in the fingers of both hands" (Tr. 263). Plaintiff was able to button her shirt and remove and replace the cap of a medicine bottle (Tr. 263). Motor strength in both hands was rated 5/5 (Tr. 265). Nonetheless, Dr. Pinga named degenerative arthritis of both hands among Plaintiff's diagnoses, which also included degenerative disc disease at the L5-S1 level and degenerative arthritis of the cervical and lumbar spine, both knees, both feet, and right shoulder (Tr. 265-66). Based on his examination, Dr. Pinga opined Plaintiff could sit six hours and walk or stand 4 hours in an eight-hour workday, and she could lift 15 pounds occasionally and 5 to 10 pounds frequently (Tr. 266). The ALJ found Dr. Pinga's opinion to be "quite restrictive in light of the minimal findings on examination and the minimal findings on MRI scan," but adopted Dr. Pinga's restrictions in full, limiting Plaintiff to sedentary work.[3]

In March 2009, Dr. Witt performed his consultative examination (Tr. 309-11). As the ALJ acknowledged, "Dr. Witt's examination suggests that [Plaintiff's] condition ha[d] worsened" since

---

[3] Sedentary work requires the ability to lift no more than ten pounds at a time, with occasional lifting and carrying of items like docket files, ledgers, and small tools. 20 C.F.R. § 404.1567(a).

5

Dr. Pinga examined her (Tr. 15). Dr. Witt noted that Plaintiff's MRI showed a small disc herniation left of the midline, which was consistent with Plaintiff's positive leg raise test in the left leg and her inability to walk on her heel or toe with her left leg (Tr. 309, 311). He rated Plaintiff's hand strength at 3/5, or in his words, "very poor" (Tr. 311). She was able to make a fist and extend her fingers, but she could write with a pen only for about ten minutes (Tr. 311). Dr. Witt's assessment, in addition to disc herniation, was "[p]olyarthritis, especially in her hands" (Tr. 311). Because Dr. Witt's "recommendation" is at the heart of this appeal, it is reproduced in relevant part:

> In my opinion this patient would find it very difficult to do any kind of physical labor due to her back pain and her polyarthritis. Unfortunately she has no sedentary skills for office work. She has no typing or computer skills and she states that she can only sit in a chair for 15 minutes and then she would have to get up and down constantly.

(Tr. 311). The ALJ separated Dr. Witt's recommendation into three parts. First, with respect to the conclusion that Plaintiff could not perform any kind of physical labor due to back pain and polyarthritis, the ALJ found the opinion was "not inconsistent" with his RFC assessment (Tr. 15). Second, the ALJ declined to give any weight to Dr. Witt's comments about Plaintiff's ability to perform office work, noting that "Dr. Witt is not a vocational expert" (Tr. 15). The ALJ also found that whether Plaintiff could perform office work was a decision "reserved to the Commissioner" (Tr. 15). And finally, regarding Plaintiff's alleged inability to sit for more than 15 minutes at a time, the ALJ gave Plaintiff "every benefit of the doubt" and adopted the limitation. Accordingly, the ALJ found that Plaintiff could perform sedentary work with the additional limitation that "she must be allowed to change positions at will" (Tr. 15).

Taking the analysis in reverse order, Plaintiff does not, and indeed could not, claim any prejudice from the ALJ's adoption, in her favor, of a restriction that allows her to change positions

at will. Nor did the ALJ err in concluding that Plaintiff's suitability to sedentary office work is a decision reserved to the Commissioner. *See* SSR 96-5p (reserving to the Commissioner findings regarding "[h]ow the vocational factors of age, education, and work experience apply"). The ALJ correctly noted that Dr. Witt is not a vocational expert. *Cf. Long v. Sec'y of Health & Human Servs.*, 1994 WL 718540 (6th Cir. 1994) (Table) (holding that a vocational expert is not a physician). Dr. Witt provided no reason for Plaintiff's inability to perform "office work" other than a lack of vocational skills, and the ALJ therefore was entitled to disregard that portion of the opinion. Moreover, any error in that regard would have been harmless because the ALJ did not base his later findings on Plaintiff's ability to perform "office work" requiring typing or computer skills, but instead relied on the VE's testimony that she could perform assembly, inspecting, packing, and sorting jobs (Tr. 17, 33).

The sole remaining issue, therefore, is the ALJ's finding with respect to Dr. Witt's opinion that Plaintiff could not perform "physical labor." Again, Dr. Witt recommended that Plaintiff perform no "physical labor" due to back pain and polyarthritis, but the ALJ found this recommendation was "not inconsistent" with Plaintiff's ability to perform sedentary work in which she could change positions at will. Taking Dr. Witt's one-sentence opinion in isolation, the undersigned sympathizes with the ALJ's reasoning. One might not ordinarily classify assembly, inspecting, packing, or sorting jobs as "physical labor." As the ALJ correctly noted, however, Dr. Witt is not a vocational expert. Consequently, Dr. Witt's use of the phrase "physical labor" is not conclusive, or even helpful. It appears, moreover, that Dr. Witt separated the universe of jobs tautologically into two categories—"physical labor" and "office work," the latter requiring a specialized skill set. The jobs identified by the VE, excluded from the latter, would therefore be

7

included in the former. Still, the recommendation that Plaintiff perform no physical labor, by itself, is too ambiguous to conclude that an alternative reading is not supported by substantial evidence.

The recommendation dismissed by the ALJ, however, does not appear in isolation. Taken as a whole, Dr. Witt's opinion is unequivocal: Dr. Witt opined that Plaintiff's work limitations were, in large part, caused by arthritis of the hands. Plaintiff's inability to perform "physical" work was caused by polyarthritis, which Dr. Witt found to affect her hands "especially," causing "significant hand weakness" (Tr. 311). That opinion was amply supported by Dr. Witt's examination: Plaintiff's grip strength was "very poor," and she could write with a pen for only ten minutes. Contrary to the ALJ's finding, therefore, Dr. Witt's report as a whole is inconsistent with sedentary work. *See* SSR 83-10 ("Most unskilled sedentary jobs require good use of the hands and fingers for repetitive hand-finger actions.").

The Commissioner argues there was substantial evidence to support a finding that Dr. Witt's opinion was wrong. Indeed, there may have been. Dr. Pinga found that Plaintiff had good manual dexterity in her hands and 5/5 grip strength. But the ALJ did not weigh Dr. Pinga's report against Dr. Witt's, preferring the former to the latter. Instead, the ALJ found that Dr. Witt's opinion suggested Plaintiff's condition had worsened, but that Dr. Witt's opinion was nonetheless consistent with his RFC assessment. For the reasons explained above, that finding was not supported by substantial evidence. Furthermore, I cannot find that the error was harmless. As the VE testified, if Plaintiff was unable to use her hands for grasping and holding, the limitation would "eliminate all sedentary type jobs" (Tr. 34-35).

Finally, the Commissioner argues that the ALJ's RFC finding was supported by substantial evidence because Plaintiff was able to perform various activities of daily living. The ALJ, similarly,

8

found it "significant that the claimant is still capable of performing a wide range of daily activities," namely, "prepar[ing] meals such as burgers, spaghetti, sandwiches and microwave dinners, . . . wash[ing] dishes, . . . shop[ping] for food once a week, and . . . go[ing] to church." (Tr. 16). These activities, however, were reported in September 2007, shortly before Dr. Pinga's report, which the ALJ properly found was consistent with sedentary work. Plaintiff testified in 2009, however, that her hand pain had worsened and she found it difficult to hold a soda can or use buttons and zippers. Plaintiff's self-reported daily activities, therefore, do not undermine the above analysis. They are not, in light of the record as a whole, substantial evidence that Plaintiff retained "good use of [her] hands and fingers for repetitive hand-finger actions." *See* SSR 83-10.

Because of Plaintiff's limited resources, her treatment records are also limited, although they do show clearly enough that Plaintiff's arthritis and back pain are longstanding problems. Consequently, the ALJ was forced to rely heavily on the opinions of the consultative examiners, which provide only two snapshots of Plaintiff's work-related abilities. The ALJ gave weight to both consultative examiners' reports, adopting limitations based on each of the examinations. After carefully reviewing the record and the ALJ's opinion, however, I **FIND** the ALJ misinterpreted Dr. Witt's report. This error was due, in no small part, to Dr. Witt's gratuitous opinion regarding Plaintiff's vocational skills. Reading the report as a whole, however, it remains clear that Dr. Witt found Plaintiff's hand impairment to be the "especially" limiting factor relating to her polyarthritis. On remand, the Commissioner should consider the extent to which Plaintiff's hand impairment limits her ability to perform sedentary work.

## III. CONCLUSION

For the foregoing reasons, I **RECOMMEND:**[4]

(1) Plaintiff's motion for judgment on the pleadings [Doc. 10] be **GRANTED**.

(2) Defendant's motion for summary judgment [Doc. 16] be **DENIED**.

(3) The Commissioner's decision denying benefits be **REVERSED** and this action be **REMANDED** to the Commissioner for further consideration.

                         s/ *Susan K. Lee*
                         SUSAN K. LEE
                         UNITED STATES MAGISTRATE JUDGE

---

[4] Any objections to this report and recommendation must be served and filed within fourteen (14) days after service of a copy of this recommended disposition on the objecting party. Such objections must conform to the requirements of Rule 72(b) of the Federal Rules of Civil Procedure. Failure to file objections within the time specified waives the right to appeal the district court's order. *Thomas v. Arn*, 474 U.S. 140, 149 n.7 (1985). The district court need not provide *de novo* review where objections to this report and recommendation are frivolous, conclusive and general. *Mira v. Marshall*, 806 F.2d 636, 637 (6th Cir. 1986). Only specific objections are reserved for appellate review. *Smith v. Detroit Fed'n of Teachers*, 829 F.2d 1370, 1373 (6th Cir. 1987).