UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT CHATTANOOGA

DEBBIE S. WILLS,                          )
                                          )
            Plaintiff,                    )
                                          )        No. 1:10-cv-201
v.                                        )
                                          )        *Collier / Lee*
COMMISSIONER OF SOCIAL SECURITY,          )
                                          )
            Defendant.                    )

## REPORT AND RECOMMENDATION

Before the Court is the Plaintiff's motion for attorney's fees under the Equal Access to

Justice Act ("EAJA"), 28 U.S.C. § 2412(d) [Doc. 20]. This matter, an appeal of the Commissioner's

decision denying disability benefits, previously came before the undersigned on the parties' cross

motions for summary judgment. It was recommended then that Plaintiff's claim be remanded to the

Commissioner for further consideration [Doc. 18]. The Commissioner did not object to that

recommendation, and the Court reversed the Commissioner's decision and remanded Plaintiff's

claim pursuant to sentence four of 42 U.S.C. § 405(g) [Doc. 19]. Plaintiff now seeks fees in the

amount of $2312.50 for 18.5 hours of work expended in aid of that successful result. The

Commissioner does not challenge the amount sought, which I **FIND** to be reasonable in light of

Plaintiff's counsel's efforts and this Court's precedents, but argues only that the agency's position

was substantially justified. For the reasons below, I conclude that the agency's position was not

substantially justified and I recommend that Plaintiff be awarded her reasonable attorney's fees.

## I. BACKGROUND

Neither party objected to the report and recommendation previously issued in this matter, and the factual background of this case will be reproduced here only as necessary to address the arguments relating to Plaintiff's entitlement to fees.

Plaintiff has been diagnosed with and treated for back pain and degenerative arthritis affecting her neck, right shoulder, knees, feet, and as especially relevant here, her hands. These conditions were found by the ALJ to be "severe" impairments which significantly limit Plaintiff's ability to work. Two consultative examiners offered opinions as to the specific work limitations arising from Plaintiff's diagnoses. First, in November 2007, Emelito Pinga, M.D., performed an examination in which he found Plaintiff retained "good manual dexterity in the fingers of both hands" and 5/5 motor strength in both hands. Then in March 2009, Michael Witt, M.D., performed an examination which the ALJ found "suggest[ed] that [Plaintiff's] condition ha[d] worsened" since Dr. Pinga's examination. Dr. Witt found that Plaintiff's hand strength was 3/5, or "very poor," and stated that she could write with a pen for only about ten minutes. He diagnosed "[p]olyarthritis, especially in her hands," and opined that Plaintiff "would find it very difficult to do any kind of physical labor due to her back pain and her polyarthritis." Dr. Witt also offered a gratuitous opinion regarding Plaintiff's vocational training: he stated that she had "no sedentary skills for office work" such as "typing or computer skills."

After a hearing, an administrative law judge ("ALJ") found that Plaintiff could perform sedentary work, but he did not find that her ability to perform such work was further limited by her

hand impairment.[1]  "Most" sedentary work, however, "require[s] good use of the hands and fingers for repetitive hand-finger actions."  Social Security Ruling ("SSR") 83-10.  The vocational expert, additionally, testified that if Plaintiff was unable to use her hands for grasping and holding, she could not perform sedentary work.  The question before the Court, therefore, was whether the ALJ properly took into account the evidence of Plaintiff's hand impairment.  In evaluating the opinion evidence, the ALJ did not reject Dr. Witt's opinion, but instead found that it was consistent with the ability to perform sedentary work.  This Court found, to the contrary, that while one sentence of Dr. Witt's opinion, "in isolation," was ambiguous and did not undermine the ALJ's conclusion, Dr. Witt's opinion "[t]aken as a whole" was unequivocal in concluding that Plaintiff's inability to work was caused by her polyarthritis, which Dr. Witt found to affect her hands "especially."  Because the ALJ misinterpreted Dr. Witt's opinion, this Court remanded Plaintiff's case for consideration of the extent to which Plaintiff's hand impairment limits her ability to perform sedentary work.

## II.    ANALYSIS

The EAJA provides for an award of attorney's fees to a plaintiff who prevails in proceedings for judicial review of agency action.  28 U.S.C. § 2412(d).  In order to recover attorney's fees under the EAJA, four conditions must be met: (1) the plaintiff must be a prevailing party; (2) the application for attorney's fees, including an itemized justification for the amount requested, must be filed within 30 days of the final judgment in the action; (3) no special circumstances warranting denial of fees may exist; and (4) the government's position must be without substantial justification. *Id.  See also Damron v. Comm'r of Soc. Sec.*, 104 F.3d 853, 855 (6th Cir. 1997).  Here, the Commissioner does not dispute Plaintiff is a prevailing party.  *See Shalala v. Shaefer*, 509 U.S. 292,

_____

[1] Because of her claimed inability to sit for more than 15 minutes, the ALJ did limit Plaintiff to work that allows her to change positions at will.

3

302 (1993) ("A sentence-four remand, of course, is a judgment for the plaintiff."). Second, Plaintiff's motion is timely. *See id.* at 298. Third, the Commissioner does not contend that "special circumstances" warrant the denial of fees, and I find none here.

As noted above, the Commissioner argues only that his position was substantially justified, a contention on which the Commissioner bears the burden of proof. *Peck v. Comm'r of Soc. Sec.*, 165 F. App'x 443, 446 (6th Cir. 2006). A position is "substantially justified" when it is "justified to a degree that could satisfy a reasonable person." *Pierce v. Underwood*, 487 U.S. 552, 565 (1988). Before asking *whether* an agency's position is justified, however, a reviewing court must first identify *which* position must be justified. Before the EAJA was amended in 1985, the Sixth Circuit Court of Appeals ("Sixth Circuit") held that the relevant "position" was the position taken by the agency during litigation, not the position taken in the underlying agency action. *See Trident Marine Constr., Inc. v. United States Army Corps of Engineers*, 766 F.2d 974, 977-80 (6th Cir. 1985). The 1985 amendments to the EAJA, however, explicitly defined "position of the United States" to mean, "in addition to the position taken by the United States in the civil action, the action or failure to act by the agency upon which the civil action is based . . . ." 28 U.S.C. § 2412(d)(2)(D); *Holden v. Heckler*, 615 F. Supp. 686, 687 (D. Ohio 1985). As the drafters of the EAJA amendments stated, the new definition "require[s] an assessment of those government actions that formed the basis of the litigation." *Id.* (quoting H.R.Rep. No. 99-120, 99th Cong., 1st Sess. 12-13).

Here, consequently, the Court must ask whether the Commissioner's decision denying benefits was substantially justified. The Court has already found, however, that the Commissioner's underlying decision was not supported by substantial evidence. Plaintiff urges that a decision unsupported by substantial evidence cannot be substantially justified. Plaintiff's position is not without appeal: the *Pierce* Court, indeed, indicated obliquely that the quantum of "substance"

4

required by the phrase "substantially justified" was equivalent to that required by the phrase "substantial evidence." *Pierce*, 487 U.S. at 564-65.[2] More recent authority, however, makes it clear that "Congress did not . . . want the 'substantially justified' standard to 'be read to raise a presumption that the Government position was not substantially justified simply because it lost the case." *Scarborough v. Principi*, 541 U.S. 401, 415 (2004).

In the proper case, therefore, the Commissioner's decision denying benefits may be substantially justified even if it was not supported by substantial evidence. *Howard v. Barnhart*, 376 F.3d 551, 554 (6th Cir. 2004) ("The fact that we found the Commissioner's position was unsupported by substantial evidence does not foreclose the possibility that the position was substantially justified."); *Walker v. Astrue*, 2010 WL 925787, *2 (E.D. Tenn. 2010) ("[A] plaintiff is not entitled to attorney fees under EAJA simply because the Court has ruled that the ALJ's decision denying him benefits was not supported by substantial evidence."). The Court must determine whether this is a proper case for denying fees, keeping in mind, however, that where agency action is set aside because it was unsupported by substantial evidence, it "can rarely be said to be 'substantially justified.'" *Weber v. Weinberger*, 651 F. Supp. 1379, 1388 (W.D. Mich. 1987).

A survey of cases shows that an ALJ's error in weighing the record evidence ordinarily comes in one of three varieties. First, and least difficult, the evidence of disability may be uncontradicted. In that case, the denial of benefits cannot be substantially justified. *Myrick v. Sec'y*

---

[2] Plaintiff has also directed the Court's attention to a House Report stating that "[a]gency action found to be . . . unsupported by substantial evidence is virtually certain not to have been substantially justified under the act." Elsewhere in the legislative history, however, that portion of the House Report was criticized as "not represent[ing] a clear or a [sic] appropriately explanatory statement of the intent" of the EAJA amendments. *Riddle v. Sec'y of Health & Human Servs.*, 817 F.2d 1238, 1241-42 (6th Cir. 1987) (rehearing granted and opinion vacated, 823 F.2d 164 (6th Cir. 1987)) (quoting various portions of the legislative history).

*of Health & Human Servs.*, 1989 WL 34032 (6th Cir. 1989) (Table). Second, if there is conflicting

evidence which is material to the outcome of the case, but the ALJ fails to resolve it, the denial of

benefits is not substantially justified.[3]  *See Howard*, 376 F.3d at 554 (decision not substantially

justified where ALJ relied on selective review of the record); *Drain v. Astrue*, 2011 WL 63513, *2

(S.D. Ohio 2011) (not substantially justified where ALJ failed to address conflicting evidence).

Third, and finally, the ALJ may rely on evidence which is supportive of his findings, but which is

ultimately found to be less than "substantial" in light of the countervailing evidence.  In a "close"

case of this variety, the denial of benefits may sometimes be substantially justified.  *See Jankovich*

*v. Bowen*, 868 F.2d 867, 869-70 (6th Cir. 1989); *Lewin v. Comm'r of Soc. Sec.*, 2011 WL 1627309,

*2 (S.D. Ohio 2011).

The Commissioner relies heavily on *Jankovich*, but this is not the sort of "close" case

contemplated by *Jankovich*.  As explained in the report and recommendation, there may have been

substantial evidence supporting the ALJ's findings, but the ALJ did not weigh the opinions of Drs.

Pinga and Witt to resolve the conflict between them; instead, the ALJ found that both opinions were

consistent with his findings.  Nonetheless, the Commissioner argues that the decision here was

substantially justified because Dr. Witt's opinion contained "inadequacies."  The Commissioner

relies on language from the report and recommendation, which noted that the portion of Dr. Witt's

opinion considered by the ALJ was, in isolation, inconclusive.  As previously explained, however,

Dr. Witt's opinion *taken as a whole* was unambiguous and inconsistent with an ability to perform

---

[3] A failure to give "good reasons" for rejecting a treating physician's favorable opinion might be
thought of as falling into this category.  *See*, *e.g.*, *Walker v. Astrue*, 2010 WL 925787, *3 (E.D.
Tenn. 2010) (agency's position not substantially justified where ALJ failed to articulate good
reasons for rejecting treating physician's opinion, even where there the record might have contained
sufficient evidence to discount that opinion).

6

sedentary work requiring "repetitive hand-finger actions." It is, furthermore, the ALJ's duty to consider the record *as a whole* when making his findings. Here, to reiterate, the ALJ failed to resolve a conflict in evidence which was material to the outcome, and indeed failed to recognize the existence of the evidence supporting Plaintiff's hand limitations. *See Howard*, 376 F.3d at 554; *Drain*, 2011 WL 63513, at *2.

The Commissioner also relies on the finding in the report and recommendation that the ALJ's error was likely due, in part, to Dr. Witt's gratuitous opinion regarding Plaintiff's vocational skills. While the ALJ's error may have been understandable, it was not substantially justified. The ALJ bears the duty to consider the relevant evidence in the record and to disregard the irrelevant. The ALJ here had no difficulty in rejecting the portion of Dr. Witt's opinion that was not within Dr. Witt's competence. His error, however, was in failing to consider the relevant, material evidence that remained. For that reason, the matter was remanded, and for the same reason, I **CONCLUDE** that the Commissioner's position was without substantial justification.

## III.   CONCLUSION

For the reasons above, I **RECOMMEND**:[4]

(1)     Plaintiff's motion for EAJA attorney's fees [Doc. 20] be **GRANTED**; and

(2)     Plaintiff be awarded attorney's fees in the amount of **$2312.50**.

s/ *Susan K. Lee*

SUSAN K. LEE
UNITED STATES MAGISTRATE JUDGE

---

[4] Any objections to this report and recommendation must be served and filed within ten (14) days after service of a copy of this recommended disposition on the objecting party. Such objections must conform to the requirements of Rule 72(b) of the Federal Rules of Civil Procedure. Failure to file objections within the time specified waives the right to appeal the district court's order. *Thomas v. Arn*, 474 U.S. 140, 149 n.7 (1985). The district court need not provide *de novo* review where objections to this report and recommendation are frivolous, conclusive and general. *Mira v. Marshall*, 806 F.2d 636, 637 (6th Cir. 1986). Only specific objections are reserved for appellate review. *Smith v. Detroit Fed'n of Teachers*, 829 F.2d 1370, 1373 (6th Cir. 1987).

8